1  LAW OFFICES OF ZEV B. ZYSMAN
2  A Professional Corporation
   Zev B. Zysman, State Bar No. 176805
3  zev@zysmanlawca.com
   15760 Ventura Boulevard, 16th Floor
4  Encino, CA 91436
   Telephone: (818) 783-8836
5  Facsimile:  (818) 783-9985

6  Attorneys for Plaintiff and
   the Proposed Class

7

8                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11

12  TIMUR  SAFRANSKY,  on  behalf  of        CASE NO. __'17 CV1865 MMA NLS__
    himself and all others similarly situated,
13                                            **CLASS ACTION COMPLAINT**
               Plaintiffs
14
15  vs.                                       1. Violation of the "Unfair" Prong of
                                              the UCL
16  FOSSIL    GROUP,    INC.,    FOSSIL       2. Violation of the "Fraudulent" Prong
17  STORES I, INC.  and DOES 1 through        of the UCL
    100, inclusive,                           3. Violation of the "Unlawful" Prong of
18                                            the UCL
               Defendants.                    4. Violation of the California False
19                                            Advertising Law, California Business &
20                                            Professions Code Sections 17500, *et seq*
                                              5. Violations of California Consumer
21                                            Legal Remedies Act
22
23                                            **DEMAND FOR JURY TRIAL**

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Timur Safransky ("Plaintiff") brings this action against Defendant Fossil Group, Inc. and Defendant Fossil Stores I, Inc. (collectively "Defendants" or "Fossil") on behalf of himself, and all others similarly situated, upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

## **INTRODUCTION**

1.      This class action arises out of Defendants' unlawful, unfair, and fraudulent business practice commonly referred to as "false reference pricing." "False reference pricing" is the act of misrepresenting the former, original or regular price of some good that is purportedly offered at a "sale price," a business practice that Defendants engage in to increase sales.  As alleged herein, during at least the past four years, Defendants have misled consumers by advertising the false former, original or regular prices which were fabricated, and corresponding phantom "savings" on jewelry, wallets, bags, backpacks, belts and small leather goods sold in their  Fossil Outlet Stores located in California.

2.      California law prohibits the discounting of retail merchandise from its original price for more than ninety (90) days.  *See* California Business & Professions Code §17501.  Federal regulations also mandate that a retailer offer only genuine discounts from regular retail prices; not false discounts from inflated original prices. *See* 16 C.F.R. §233.1.

3.      Some retailers, such as Fossil, employ false reference pricing because it misleads consumers into believing that they are "getting a good deal," thereby increasing sales.   The United States Court of Appeals for the Ninth Circuit succinctly explained: "Most consumers have, at some point, purchased merchandise that was marketed as being 'on sale' because the proffered discount seemed too good to pass up.  Retailers, well aware of consumers' susceptibility to a bargain,

therefore have an incentive to lie to their customers by falsely claiming that their products have previously sold at a far higher 'original' price in order to induce customers to purchase merchandise at a purportedly marked-down 'sale' price. Because such practices are misleading – and effective – the California Legislature has prohibited them." *Hinojos v. Kohl's Corp*., 718 F.3d 1098, 1101 (9th Cir. 2013).

4.      The intentional use of false and fraudulent reference pricing tactics is increasingly deceiving consumers in the market.  To illustrate, on January 30, 2014, four members of Congress demanded a Federal Trade Commission ("FTC") investigation of misleading marketing practices by outlet stores across the United States.  The four Members of Congress described a pricing scheme similar to the one implemented at Fossil Outlet Stores and stated:  "[h]owever, we are concerned that outlet store consumers are being misled into believing they are purchasing products originally intended for sale at the regular retail store.  Many outlets may also be engaged in deceptive reference pricing. It is a common practice at outlet stores to advertise a retail price alongside the outlet store price – even on made-for-outlet merchandise that does not sell at regular retail locations.  Since the item was never sold in the regular retail store or at the retail price, the retail price is impossible to substantiate.  We believe this practice may be a violation of the FTC's Guides      Against      Deceptive      Pricing      (16      CFR      233)."      *See* www.whitehouse.senate.gov/news/release/sens-and-rep-to-ftc-outlet-stores-may-be-misleading-consumers.

5.      During the Class Period (defined below), Defendants continuously advertised false price discounts for merchandise designed and manufactured exclusively for sale throughout their Fossil Outlet Stores in California (hereinafter referred to as "Fossil Outlet Products"). Fossil Outlet Products can be identified with the words "Like Style" on the price tags attached to the merchandise.

CLASS ACTION COMPLAINT

Specifically, Defendants would offer substantial discounts off a false "Reference Price" listed on the price tags of Fossil Outlet Products. As used throughout the Complaint, Reference Price shall mean the ticketed price listed on the Fossil Outlet Product's price tag. As addressed in detail below, Plaintiff and reasonable consumers typically understand the Reference Price to be the former, original, or regular price of the item on which it appears.

6.      Specifically, Defendants represented – on the price tags of Fossil Outlet Products – Reference Prices that were overstated and did not represent a bona fide price at which the Fossil Outlet Products were previously sold.  Nor was the advertised Reference Price a prevailing market retail price within three months immediately preceding the publication of the advertised former prices, as required by California law.

7.      Defendants convey their deceptive pricing scheme through in store signage offering steep discounts from the Reference Price listed on the products' price tags in the Fossil Outlet Stores. The Reference Price listed and advertised on Defendants' price tags are fake reference prices; utilized only to perpetuate Defendants' fake-discount scheme. The pricing scheme is prominently displayed on virtually all Fossil Outlet Products throughout the store.  There are typically large placard signs on top of or alongside each rack of items, advertising a "discounted % off," or a "discounted whole-price" reduction for the item.  For example, a Fossil Outlet Product may have a price tag with a "Reference Price" of $248.00 and the related signage advertising "Take 50% Off Lowest Ticketed Price," which is substantially less than the former regular price listed on the price tag. *See* Exhibits "A" and "B."  Another example is a Fossil Outlet Product having a price tag with a "Reference Price" of $198.00 and the related signage advertising a "sale price" of $129.00.  *See* Exhibits "C" and "D." However, the "Reference Price" listed on the price tags have never existed and/or were not the prevailing market retail prices for

4

such Fossil Outlet Products within the three months next immediately preceding the publication of the price tags, as required by California law.  They are fictional creations intentionally designed to enable Defendants' phantom markdowns.  Furthermore, upon check-out, Defendants provide California consumers, including Plaintiff, with sales receipts continuing the misrepresentations regarding false price reductions from the "Reference Price."  For example, the stated *discount* from the false former "Regular Price" is listed for each item purchased.

8.     Fossil knows consumers are bargain-hunters, and knows consumers are lured by the prospect of a bargain at "Outlet" stores.  "Outlet" stores are commonly understood by the public to be selling the same merchandise that the manufacturer typically sells at its regular non-outlet retail stores, but at a discount.  According to Business Insider, "[t]he common assumption about outlet stores is that you're getting the same goods that are in a regular store without the big price tag." *See* http://www.businessinsider.com/outlet-stores-arent-a-good-deal-2014-5.   However, outlet stores typically sell different merchandise than their retail counterparts.

9.     In this case, Defendants offer for sale Fossil Outlet Products designed and manufactured *exclusively* for their Fossil Outlet Stores, which means that such items were never sold – or even intended to be sold – at the Reference Price advertised on the price tags.  These Fossil Outlet Products were never offered for sale at the company-operated mainline retail stores in California, or in any other state.  Further exacerbating consumers' perception of deep discounts is the fact that Defendants sell higher quality products at their mainline retail stores.  Defendants know that consumers expect to receive a discount when shopping at their Fossil Outlet Stores, and accordingly, preys on consumer expectations by artificially marking up the Reference Price of their Fossil Outlet Products and then offering discounts off of the artificially inflated Reference Price to induce consumers to purchase their Fossil Outlet Products.  The truth is that the Fossil Outlet Products

are not discounted off former, regular, or original prices.  Rather, the Reference Price exists to provide an illusory discount when compared to the actual sales price offered.  This tactic is called "reference pricing."  The Reference Price listed on the Fossil Outlet Products' price tags were and are the prices chosen by Defendants to enable them to engage in their phantom markdown scheme.

10.   Defendants convey their deceptive pricing scheme to consumers through promotional materials, in-store advertising displays, and print advertisements which are uniform. Defendants' false price advertising scheme has been rampant throughout California as part of a massive, years-long, pervasive campaign and has been consistent across all of Defendants' exclusive branded Fossil Outlet Products sold in their Fossil Outlet Stores. Indeed, most, if not all Fossil Outlet Products sold in the Fossil Outlet Stores are subject to the same fraudulent pricing scheme complained of herein.

11.   Upon information and belief, thousands of Defendants' consumers in California, including Plaintiff, were victims of Defendants' deceptive, misleading, and unlawful false pricing scheme.  This deception will continue if Defendants are not enjoined from continuing their pricing scheme.

12.   Defendants know or should reasonably know that their comparative (reference) price advertising is false, deceptive, misleading and unlawful under California law.

13.   Defendants fraudulently concealed from, and intentionally failed to disclose to, Plaintiff and other members of the Class, the fact that Reference Prices displayed on the Fossil Outlet Products do not reflect a former, regular, or original price.

14.   At all relevant times, Defendants have been under a duty to Plaintiff and the Class to disclose the truth about their Reference Prices and false discounts.

CLASS ACTION COMPLAINT

15.   The facts which Defendants misrepresented or failed to disclose are material facts that a reasonable person would have considered material, *i.e.*, facts which would contribute to a reasonable person's decision to purchase Defendants' merchandise. Defendants' false representations of Reference Prices and false representations of purported savings, discounts and bargains are objectively material to the reasonable consumer, including Plaintiff, and therefore reliance upon such representations may be presumed as a matter of law.

16.   Plaintiff relied upon Defendants' false representations of Reference Prices and discounts when purchasing a Fossil Outlet Product from a Fossil Outlet Store in California. Plaintiff would not have made such purchase, but for Defendants' false representations and fraudulent omissions of the Reference Price of the item he purchased, as compared with the supposedly discounted price at which the Fossil Outlet Store offered the item for sale.

17.   Plaintiff reasonably believed the truth of the represented price attached to the price tag, or in advertisements or on signage regarding, the Fossil Outlet Product purchased at the Fossil Outlet Store, which expressly represented that Plaintiff was getting a substantial percentage discount off the regular price. Plaintiff reasonably understood the Reference Price representation to indicate a true former price.  Indeed, one cannot truly "save" off anything other than a true former price on the identical product.   Otherwise, one is not "saving," one is simply buying a different product than the one that bears a higher price.

18.   Plaintiff and the Class reasonably and justifiably acted and relied on the substantial price differences that Defendants advertised, and made purchases believing that they were receiving a substantial discount on an item of greater value than it actually was.  Plaintiff and the Class reasonably understood the Reference Price on the price tags to be a valid representation of a true former price on the identical product. However, the price on the price tags did not represent a true

former price or the prevailing market retail price in the preceding three months for the Fossil Outlet Products. Plaintiff, like other Class members, was lured in, relied on, and was damaged by these pricing schemes that Defendants carried out.

19.   Defendants intentionally concealed and failed to disclose material facts regarding the truth about their misrepresentations and false former price advertising scheme for the purpose of inducing Plaintiff and Class members to purchase Fossil Outlet Products in their Fossil Outlet Stores.

20.   Through their false and deceptive marketing, advertising and pricing scheme, Defendants have violated, and continue to violate California law prohibiting advertising goods for sale as discounted from purported former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.  Specifically, Defendants have violated, and continue to violate, California's Business & Professions Code §§ 17200, *et seq*. (the "UCL"), California's Business & Professions Code §§ 17500, *et seq*. (the "FAL"), and the California Consumers' Legal Remedies Act, California Civil Code §§1750, *et seq*. (the "CLRA"), and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements.  15 U.S.C. § 52(a).

21.   Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased one or more Fossil Outlet Products at Fossil Outlet Stores in California that were deceptively represented as discounted from false former prices in order to halt the dissemination of this false, misleading, and deceptive pricing scheme, to correct the false and misleading perception it has created in the minds of consumers, and to obtain redress for those who have purchased such products.  Plaintiff seeks restitution and other appropriate equitable remedies, including an injunction under the UCL and FAL; and an injunction under the CLRA.

## JURISDICTION AND VENUE

22.     This Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (d)(2) and (6). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and at least one of the members of the proposed Class have a different citizenship from Defendants.

23.     The Southern District of California has personal jurisdiction over the Defendants named herein because Defendants do sufficient business in the State of California, have sufficient minimum contacts with California and/or otherwise intentionally avail themselves of the markets within California through the ownership and operation of Fossil Outlet Stores in California where Defendants employed, and continue to employ, the sale tactics detailed herein to render the exercise of jurisdiction by California courts and the application of California law to the claims of the Plaintiff permissible under traditional notions of fair play and substantial justice.

24.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 because Defendants transact substantial business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims arose here.

## THE PARTIES

A.     Plaintiff

25.     Plaintiff Timur Safransky ("Safransky") is a citizen and resident of San Diego County, California.  It is alleged that on November 16, 2016, in reliance on Defendants' false and deceptive advertising, marketing and pricing schemes, Plaintiff purchased a Fossil Outlet Product from the Fossil Outlet Store located at the Carlsbad Premium Outlets in Carlsbad, California, and was damaged thereby.

///

9

B. <u>Defendants</u>

26.  Defendant Fossil Group, Inc. is a Delaware corporation which is licensed to do, and is doing, business throughout the United States, with its principal place of business located at 901 S. Central Expressway, Richardson, Texas.  As of July 1, 2017, Defendant owned and operated 86 Fossil retail stores located in premier retail sites and 123 Fossil Outlet Stores located in major outlet malls, throughout the United States, and designs, markets, advertises, distributes, and/or sells an extensive line of men's and women's fashion watches, jewelry, sunglasses, belts, bags and small leather goods.

27.  Defendant Fossil Stores I, Inc. is a Delaware corporation which is licensed to do, and is doing, business throughout the United States, with its principal place of business located at 901 S. Central Expressway, Richardson, Texas. Defendant operates as a subsidiary of Defendant Fossil Group, Inc.

28.  The only stores that are the subject of this Complaint are the Fossil Outlet Stores in California.  The Complaint expressly excludes any Fossil Outlet Products sold at Fossil Outlet Stores that advertised a Reference Price that was a prevailing market retail price within the three months preceding. Defendants subtly mark the items exclusively made for the Fossil Outlet Stores by including the words "Like Style" on the price tags attached to the Fossil Outlet Products. *See* Exhibits "B" and "D."

C. <u>Doe Defendants</u>

29.  The true names and capacities of Defendants sued in this Complaint as Does 1 through 100, inclusive, are currently unknown to Plaintiff, and therefore Plaintiff sues such Defendants by such fictitious names.  Plaintiff will amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 100, when they have been ascertained, along with the appropriate charging allegations, as may be necessary.

CLASS ACTION COMPLAINT

30.     Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been ascertained.  Each reference in this Complaint to "Fossil" or "Defendants" is also a reference to all Defendants sued as Does 1 through 100.

D.     Agency/Aiding And Abetting

31.     Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

32.     Plaintiff is further informed and believes, and on that basis alleges, that Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

33.     Whenever reference is made in this Complaint to any act of "Fossil" or "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or

11

authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.

## CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW

A.    Plaintiff's Purchase

34.    On November 16, 2016, Plaintiff went shopping at the Fossil Outlet Store which is located at the Carlsbad Premium Outlets in Carlsbad, California to purchase a bag for himself.   He observed a large exterior window display that advertised "Entire Store Up To 40% Off" and an additional "20% Off" the entire purchase.

35.    Upon entering the store, Plaintiff observed prominent signage on top of or alongside almost each rack of merchandise, advertising a "discounted % off," or a "discounted whole-price" reduction for each item offered for sale.   Believing he was able to pay significantly less than the Reference Price for the identical products normally charged in the retail marketplace, Plaintiff was induced to purchase a bag item which was offered at a price significantly lower than its stated "Reference Price." Plaintiff purchased the Fossil Outlet Product after relying on Defendants' false discounts and false Reference Prices for the product.

36.    Specifically, relying upon Defendants' misrepresentations and false and deceptive advertising, Plaintiff was induced to purchase the following item: a Travis Workbag, Style SBG1136200, SKU Number 762346329138 bearing a Reference Price of "$198.00" on the price tag. *See* true and correct copy of price tag attached to Travis Workbag which Plaintiff purchased on November 16, 2016, attached hereto as Exhibit "E."

///

CLASS ACTION COMPLAINT

37.    Plaintiff observed signage above the subject item that advertised a percentage discount, clearly indicating that the item was being sold at a significant discount off the Reference Price. Specifically, the bag contained a price tag representing it to have a Reference Price of "$198.00," and the signage which represented that the bag was on sale for "40% Off Ticketed Price."

38.    Relying on Defendants' misrepresentations and false and deceptive advertising and believing that he was receiving a significant discount from the Reference Price listed on the price tag by purchasing the bag, Plaintiff decided to purchase the item and proceeded to the cash register where he did in fact purchase the item.   Plaintiff also believed he was purchasing merchandise that was of the same like, kind and quality of that sold in the regular company-operated Fossil retail stores. The purported Reference Price and corresponding price reduction and saving was false and deceptive, as the prevailing market retail price for the subject bag during the three months immediately prior to Plaintiff's purchase of the item was never at the represented former Reference Price.  Plaintiff would not have purchased the bag in the absence of Defendants' misrepresentations.  Instead, Defendants continuously offered the subject bag, like the vast majority of Fossil Outlet Products offered for sale at Fossil Outlet Stores at discounted prices.  As a result, Plaintiff has been personally victimized by and suffered economic injury as a direct result of Defendants' unlawful, unfair and fraudulent conduct.

39.    Furthermore, upon check-out on November 16, 2016, Defendants provided Plaintiff with a sales receipt containing the same misrepresentations regarding false price reductions off the Reference Price on the bag.   The sales receipt clearly sets forth the false Reference Price (which was the purported "Regular Price" of $198.00) for the item purchased, and that Plaintiff was receiving the benefit of discounts off (*i.e.* 40% + 20% Special Offer) the Reference Price for the item purchased and listed the discounts or savings amount for the item, and then

1   the sales price amount after the purported discounts.  *See* true and correct copy of

2   Plaintiff's sales receipt, dated November 16, 2017, attached hereto as Exhibit "F."

3           B.      <u>Defendants Engage In Deceptive Advertising</u>

4           40.      Subsequent to Plaintiff's purchase, an investigation conducted on

5   behalf of Plaintiff confirmed that the "Reference Price" listed on the price tag for

6   Plaintiff's purchase at the Fossil Outlet Store was never the prevailing market retail

7   price in the preceding 90 days before Plaintiff's purchase.  Additionally, the

8   investigation revealed that Defendants' deceptive advertising practices were

9   systematic and pervasive at Fossil Outlet Stores as Fossil Outlet Products remain

10  continuously discounted from the Reference Price listed on the tag price or they are

11  not offered for sale at their Reference Price (the purported "Regular" Price) for any

12  substantial period of time, and in most cases, not at all, and in compliance with

13  California law.  Indeed, in most instances, *new* Fossil Outlet Products appear at the

14  Fossil Outlet Stores that are immediately discounted, rendering the Reference Prices

15  completely meaningless, false, and misleading. The difference between the

16  discounted sale prices and the Reference Price is a false savings percentage or

17  whole-price reduction used to lure consumers into purchasing products they believe

18  are significantly discounted.  In addition, the Fossil Outlet Products sold at Fossil

19  Outlet Stores are designed and manufactured for, and sold *exclusively* by, those

20  stores, which means that such items were never sold – or even intended to be sold –

21  at the Reference Price advertised on the price tags.  The Fossil Outlet Products were

22  *never* offered for sale at the Fossil mainline retail stores in California.

23          41.      By failing to price Fossil Outlet Products at their actual regular price

24  for a substantial period of time, Defendants artificially inflated the market price or

25  value of the Fossil Outlet Products they sell, including the bag purchased by

26  Plaintiff.  Moreover, by failing to price their Fossil Outlet Products, including the

27  bag purchased by Plaintiff at their regular price for a substantial period of time, and

28

CLASS ACTION COMPLAINT

in compliance with California law, Defendants interfered with market forces, driving the selling price of their products higher than they would be if Defendants had complied with the law.

42.    Defendants' false discounting practice, as described herein, has the effect of setting an artificially high market value for their "on sale" Fossil Outlet Products. Customers, like Plaintiff, purchase Fossil Outlet Products from Defendants believing they are receiving a substantial discount on their purchases, when in fact they are not. They are instead purchasing an item they would not otherwise buy and paying a higher price than they would otherwise pay were the products subject to fair market competition and pricing.

43.    Plaintiff's and Class members' reliance upon Defendants' false price comparison advertising was not only reasonable, but entirely intended by Defendants.  In fact, empirical marketing studies demonstrate that false reference pricing actually creates an impression of higher value and an incentive for retailers to engage in this false and fraudulent behavior:

> [c]omparative price advertising offers consumers a basis for comparing the relative value of the product offering by suggesting a monetary worth of the product and any potential savings . . . .
>
> [A] comparative price advertisement can be construed as deceptive if it makes any representation, . . . . or involves any practice that may materially mislead a reasonable consumer.

*Comparative Price Advertising: Informative or Deceptive*?, Dhruv Grewal and Larry D. Compeau, *Journal of Public Policy & Marketing*, Vol. 11, No. 1, at 52 (Spring 1992). Furthermore:

> [b]y creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness

> to buy the product. . . . Thus, if the reference price is not truthful, a consumer may be encouraged to purchase as a result of a false sense of value.

*Id*. at 55, 56.

44.     A retailer's "reference price," the stated price presented alongside the retailer's "on sale" price, provides consumers a reference point with which to evaluate the prospective purchase.  The reference price is often described with terms such as "Regular Price," 'Original Price," and/or "Former Price."

45.     A retailer's reference price impacts the consumer's behavior in the marketplace.  As the reference price increases, so does the consumer's perception of the value of the transaction, the consumer's willingness to make the purchase, and the amount of money the consumer is willing to pay for the product.

46.     When the reference price is bona fide and truthful, it helps consumers make informed purchasing decisions.  In contrast, consumers are harmed when merchants advertise their products alongside falsely-inflated former prices, *i.e.*, "false reference prices," as consumers are provided a false sense of value.  In this context, the reference price is no longer informative but deceptive because consumers are deprived of a full and fair opportunity to accurately evaluate the specific sales offer in its relevant market.  As the Ninth Circuit recognizes, "[m]isinformation about a product's "normal" price is . . . significant to many consumers in the same way as a false product label would be."  *See Hinojos v. Kohl's Inc*. 718 F.3d at 1106.

47.     Moreover, the hidden nature of false discounting makes it effective. Consumers, like Plaintiff, unaware of the practices at issue, instead complete their purchases believing that they "got a good deal." Retailers, like Defendants, make falsely-discounted sales without suspicion because consumers do not have access to the comprehensive historical pricing information necessary to reveal the deception.

CLASS ACTION COMPLAINT

48.     The full extent of Defendants' false and deceptive pricing scheme can only be revealed through a full examination of records exclusively in the possession of Defendants.

49.     Despite the Reference Price scheme used at Fossil Outlet Stores, Plaintiff would purchase Defendants' products in the future from Fossil Outlet Stores, if price tags accurately reflect "former" prices and discounts. Currently, however, Plaintiff and other consumers have no realistic way to know which – if any – of Defendants' price tags and sale prices are not false or deceptive. If the Court were to issue an injunction ordering Defendants to comply with California's comparative price advertising laws, and prohibiting Defendants' use of the deceptive practices discussed herein, Plaintiff would be able to make informed purchase decisions for Defendants' Fossil Outlet Products at Fossil Outlet Stores.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action as a class action on behalf of himself, and all others similarly situated pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.  The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons who, while in the State of California, during the four (4) year period preceding the filing of this Complaint through the date of final judgment in this action (the "Class Period"), purchased one or more Fossil Outlet Products at a purported discount off of the stated Reference Price on the price tag at any Fossil Outlet Stores in the State of California, and who have not received a refund or credit for their purchase(s).

51.     Excluded from the Class are Defendants; their corporate parents, subsidiaries, affiliates, and any entity in which Defendants have a controlling

CLASS ACTION COMPLAINT

interest; any of their officers, directors, employees, or agents; the legal representatives, successors or assigns of any such excluded persons or entities; and the judicial officers to whom this matter is assigned as well as their court staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

52.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that the Class consists of thousands of members. Moreover, Plaintiff alleges that the precise number of Class members, their identities, and their locations can be ascertained though appropriate discovery and records of Defendants and their agents. Defendants keep extensive computerized records of their customers through, *inter alia*, customer loyalty programs and general marketing programs. Defendants have one or more databases through which a significant majority of Class members may be identified and ascertained, and they maintain contact information, including email and home mailing addresses, through which notice of this action could be disseminated to potential Class members in accordance with due process requirements.

53.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.

54.     Among the questions of law and fact common to the Class are, *inter alia*:

a.     Whether, during the Class Period, Defendants used false price representations and falsely advertised price discounts on Fossil Outlet Products they sold in their Fossil Outlet Stores in California;

CLASS ACTION COMPLAINT

b.      Whether Defendants intended their Reference Price to be synonymous with the item's former, regular, or original price;

c.      Whether, during the Class Period, the Reference Prices advertised by Defendants were the prevailing market prices for the associated Fossil Outlet Products sold by Defendants during the three month period preceding the dissemination and/or publication of the advertised Reference Prices;

d.      Whether Defendants' use of false or deceptive price advertising constituted false advertising under California law;

e.      Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices under California law;

f.      Whether Defendants misrepresented and/or failed to disclose material facts about their product pricing and discounts;

g.      Whether Defendants have made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

h.      Whether Defendants' conduct, as alleged herein, was intentional and knowing;

i.      Whether Class members are entitled to damages and/or restitution; and, if so, what is the amount of revenues and/or profits Defendants received and/or was lost by Class members as a result of the conduct alleged herein;

j.      Whether an injunction is necessary to prevent Defendants from continuing to use false, misleading or illegal price comparisons; and

k.      Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

55.     Plaintiff's claims are typical of the claims of the members of the Class and, like all members of the Class, purchased Fossil Outlet Products from a Fossil Outlet Store that conveyed a false Reference Price and a fictitious discount. Plaintiff and the Class he seeks to represent have all been deceived (or were likely to be

1  deceived) by Defendants' false former price advertising scheme, as alleged herein.

2  Plaintiff is advancing the same claims and legal theories on behalf of himself and all

3  members of the Class. Accordingly, Plaintiff has no interests antagonistic to the

4  interests of any other member of the Class.

5  56.    Plaintiff is an adequate representative of the Class because he is a

6  member of the Class and his interests do not conflict with the interests of the Class

7  members he seeks to represent. Plaintiff will fairly and adequately represent and

8  protect the interest of the Class because he is not antagonistic to the Class.  Plaintiff

9  has retained counsel who are competent and experienced in the prosecution of

10  consumer fraud and class action litigation.

11  57.    The nature of this action and the nature of laws available to Plaintiff

12  and the Class make the use of the class action format a particularly efficient and

13  appropriate procedure to afford relief to Plaintiff and the Class for the wrongs

14  alleged because:

15  a.    The individual amounts of damages involved, while not insubstantial,

16  are such that individual actions or other individual remedies are impracticable and

17  litigating individual actions would be too costly;

18  b.    If each Class member was required to file an individual lawsuit, the

19  Defendants would necessarily gain an unconscionable advantage since they would

20  be able to exploit and overwhelm the limited resources of each individual Class

21  member with vastly superior financial and legal resources;

22  c.    The costs of individual suits could unreasonably consume the amounts

23  that would be recovered;

24  d.    Proof of a common factual pattern that Plaintiff experienced is

25  representative of that experienced by the Class and will establish the right of each

26  member of the Class to recover on the cause of action alleged; and

27  e.    Individual actions would create a risk of inconsistent results and would

28

20

1  be unnecessary and duplicative of this litigation.

2      58.  Plaintiff and Class members have all similarly suffered irreparable

3  harm and damages as a result of Defendants' unlawful and wrongful conduct.  This

4  action will provide substantial benefits to Plaintiff, the Class and the public because,

5  absent this action, Plaintiff and Class members will continue to suffer losses,

6  thereby allowing Defendants' violations of law to proceed without remedy, and

7  allowing Defendants to retain proceeds of their ill-gotten gains.

8      59.  All Class members, including Plaintiff, were exposed to one or more of

9  Defendants' misrepresentations or omissions of material fact claiming that

10  advertised Reference Prices were in existence.  Due to the scope and extent of

11  Defendants' consistent false price advertising scheme, disseminated in a massive,

12  years-long campaign to California consumers via in-store display advertising, print

13  advertising, and the like, it can be reasonably inferred that such misrepresentations

14  or omissions of material fact were uniformly made to all members of the Class. In

15  addition, it can be reasonably presumed that all Class members, including Plaintiff,

16  affirmatively acted in response to the representations contained in Defendants' false

17  advertising scheme when purchasing Fossil Outlet Products at Fossil Outlet Stores

18  in California.

19      60.  Defendants have acted or refused to act on grounds generally

20  applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies

21  with respect to the Class as a whole.  As such, the systematic policies and

22  procedures of Defendants make final injunctive relief or declaratory relief with

23  respect to the Class as a whole appropriate.

24
25                  **FIRST CAUSE OF ACTION**

26        Violation Of The "Unfair" Prong Of The UCL
      (By Plaintiff and the Class Against Defendants)

27
28      61.  Plaintiff re-alleges and incorporates by reference the allegations

1  contained in the preceding paragraphs as though fully set forth herein.

2      62.    The UCL defines unfair business competition to include any "unlawful,

3  unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or

4  misleading" advertising. Cal. Bus. & Prof. Code § 17200.

5      63.    The UCL imposes strict liability.   Plaintiff need not prove that

6  Defendants intentionally or negligently engaged in unlawful, unfair, or fraudulent

7  business practices – only that such practices occurred.

8      64.    A business act or practice is "unfair" under the UCL if the reasons,

9  justifications and motives of the alleged wrongdoer are outweighed by the gravity of

10  the harm to the alleged victims.

11      65.    Defendants have violated and continue to violate the "unfair" prong of

12  the UCL by representing a false Reference Price and corresponding price discount

13  for their Fossil Outlet Products sold at Fossil Outlet Stores in California.   As a

14  result, the inflated Reference Price was nothing more than a false, misleading and

15  deceptive price included to create the illusion of a discount.

16      66.    Defendants' acts and practices are unfair because they caused Plaintiff,

17  and reasonable consumers like him, to falsely believe that Fossil Outlet Stores are

18  offering value, discounts or bargains from the prevailing market worth of the Fossil

19  Outlet Products sold that did not, in fact, exist.   Defendants intended and intend for

20  Plaintiff and Class members to equate the Reference Price with a higher original or

21  regular price.   As a result, purchasers, including Plaintiff, reasonably perceived that

22  they were receiving products that regularly sold in the retail marketplace at

23  substantially higher prices (and are, therefore, worth more) than what they paid.

24  This perception has induced reasonable purchasers, including Plaintiff, to buy Fossil

25  Outlet Products, which they otherwise would not have purchased.

26      67.    The gravity of the harm to members of the Class resulting from these

27  unfair acts and practices outweighed any conceivable reasons, justifications and/or

28

motives of Defendants for engaging in such deceptive acts and practices.   By committing the acts and practices alleged above, Defendants engaged in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq*.

68.     As a direct and proximate result of Defendants' acts and practices, Plaintiff and Class members have suffered injury in fact and have lost money or property as a result of purchasing Defendants' Fossil Outlet Products.

69.     Through their unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class.   As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class members, and to enjoin Defendants from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future.   Otherwise, Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION

Violation Of The "Fraudulent" Prong Of The UCL
(By Plaintiff and the Class Against Defendants)

70.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

71.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

72.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

73.     The price tags on the Fossil Outlet Products and advertising materials containing false Reference Prices were "fraudulent" within the meaning of the UCL because they deceived Plaintiff, and were likely to deceive members of the Class,

23

into believing that Defendants were offering value, discounts or bargains at Fossil Outlet Stores from the prevailing market value or worth of the Fossil Outlet Products sold that did not, in fact, exist.  As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving Fossil Outlet Products that regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This perception induced reasonable purchasers, including Plaintiff, to buy such products from Defendants, which they otherwise would not have purchased.

74.    Defendants' acts and practices as described herein have deceived Plaintiff and were highly likely to deceive members of the consuming public. Specifically, in deciding to purchase Fossil Outlet Products from Fossil Outlet Stores, Plaintiff relied on Defendants' misleading and deceptive Reference Prices and discounted prices.  Each of these factors played a substantial role in Plaintiff's decision to purchase a Fossil Outlet Product, and Plaintiff would not have purchased the subject item in the absence of Defendants' misrepresentations. Accordingly, Plaintiff suffered monetary loss as a direct result of Defendants' practices described herein.

75.    As a direct and proximate result of Defendants' acts and practices, Plaintiff and Class members have suffered injury in fact and have lost money or property as a result of purchasing Defendants' Fossil Outlet Products.

76.    As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and members of the proposed Class. Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that they would not otherwise have obtained absent their false, misleading and deceptive conduct.

77.    Through their unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this

CLASS ACTION COMPLAINT

Court cause Defendants to restore this money to Plaintiff and all Class members, and to enjoin Defendants from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CAUSE OF ACTION

Violations Of The "Unlawful" Prong Of The UCL
(By Plaintiff and the Class Against Defendants)

78.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

79.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

80.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

81.     The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and specifically prohibits false advertisements. 15 U.S.C. § 52(a)). The FTC has established Guidelines that describe false former pricing schemes, similar to Defendants' in all material respects, as deceptive practices that would violate the FTCA:

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being

25

advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.  In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1.

82.   California statutory and regulatory law also expressly prohibits false former pricing schemes. Cal. Bus. & Prof. Code § 17501, entitled "*Value determinations; Former price advertisements*," states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

*No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged

former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

83.     As detailed in Plaintiff's Fifth Cause of Action below, Cal. Civ. Code § 1770, subsection (a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised," and subsection (a)(13) prohibits a business from "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

84.     Defendants also violated and continue to violate Business & Professions Code § 17501, and Civil Code § 1770, sections (a)(9) and (a)(13) by advertising false discounts from purported former prices that were, in fact, not the prevailing market prices within three months next preceding the publication and dissemination of advertisements containing the false former prices.

85.     Defendants' use of and reference to a materially false Reference Price, and purported percentage discount or whole-price reduction in connection with their marketing and advertisements concerning the Fossil Outlet Products sold at Fossil Outlet Stores violated and continues to violate the FTCA, 15 U.S.C. § 45(a)(1) and 15 U.S.C. § 52(a), as well as FTC Guidelines published at Title 16, Code of Federal Regulations, Section 233.

86.     As a direct and proximate result of Defendants' acts and practices, Plaintiff and Class members have suffered injury in fact and have lost money or property as a result of purchasing Defendants' Fossil Outlet Products.

87.     As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and members of the proposed Class. Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that they would not otherwise have obtained absent their false, misleading and deceptive conduct.

///

88.     Through their unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class members, and to enjoin Defendants from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## **FOURTH CAUSE OF ACTION**

Violation Of California False Advertising Law
California Business & Professions Code Sections 17500, *et. seq.*
(By Plaintiff and the Class Against Defendants)

89.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

90.     The California False Advertising Law prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

91.     Cal. Bus. & Prof. Code § 17500 provides that:

[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is ***untrue*** or ***misleading***, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [Emphasis added.].

92.     The "intent" required by Cal. Bus. & Prof. Code § 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

93.     Similarly, Cal. Bus. & Prof. Code § 17501 provides, "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement."

94.     Defendants' routine practice of including a false Reference Price on the price tags for Fossil Outlet Products sold at Fossil Outlet Stores, which were never the true prevailing prices of those products was an unfair, deceptive and misleading advertising practice.  This deceptive marketing practice gave consumers the false impression that the Fossil Outlet Products sold at Fossil Outlet Stores were regularly sold in the retail marketplace at substantially higher prices than they actually were. Therefore, leading to the false impression that the merchandise was worth more than it actually was.  In fact, Fossil Outlet Products that were made exclusively for sale in the Fossil Outlet Stores were never sold at the Reference Price under any circumstances.

95.     Defendants misled consumers by making untrue and misleading statements and failing to disclose what is required as stated in the Code, as alleged above.

96.     As a direct and proximate result of Defendants' acts and practices, Plaintiff and Class members have suffered injury in fact and have lost money or property as a result of purchasing Defendants' products.

97.     Through their unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class members,

29

1   and to enjoin Defendants from continuing to violate the False Advertising Law as

2   discussed herein in the future. Otherwise, Plaintiff and the Class may be irreparably

3   harmed and/or denied an effective and complete remedy if such an order is not

4   granted.

**FIFTH CAUSE OF ACTION**

For Violation Of The Consumer Legal Remedies Act
California Civil Code Sections 1750, *et. seq.*
(By Plaintiffs and the Class Against Defendants)

9   98.   Plaintiff re-alleges and incorporates by reference the allegations

10  contained in the preceding paragraphs as though fully set forth herein.

11  99.   This cause of action is brought pursuant to the CLRA.

12  100.   Plaintiff and each member of the proposed Class are "consumers"

13  within the meaning of California Civil Code § 1761(d).

14  101.   Defendants' sale of Fossil Outlet Products at Fossil Outlet Stores to

15  Plaintiff and the Class were "transactions" within the meaning of California Civil

16  Code § 1761(e). The Fossil Outlet Products purchased by Plaintiff and the Class are

17  "goods" within the meaning of California Civil Code § 1761(a).

18  102.   As described herein, Defendants violated, and continue to violate, the

19  CLRA by falsely representing the nature, existence and amount of price discounts

20  by fabricating an inflated Reference Price and including that Reference Price on the

21  price tag for Fossil Outlet Products.  Such a pricing scheme is in violation of Cal.

22  Civ. Code § 1770, subsection (a)(9) ("[a]dvertising goods or services with intent not

23  to sell them as advertised") and subsection (a)(13) ("[m]aking false or misleading

24  statements of fact concerning reasons for, existence of, or amounts of price

25  reductions").

26  103.   Plaintiff relied on Defendants' false representations in deciding to

27  purchase a Fossil Outlet Product from Defendant.   Plaintiff would not have

28

CLASS ACTION COMPLAINT

purchased such merchandise absent Defendants' unlawful conduct. As a result of these acts and practices, Plaintiff suffered damage in that he spent money at the Fossil Outlet Store that he would not have otherwise spent absent Defendants' unlawful and misleading acts and practices.

104. Pursuant to Section 1782(a) of the CLRA, on September 13, 2017, Plaintiff's Counsel, on behalf of Plaintiff Safransky, served Defendants by United States certified mail, return receipt requested, with notice of Defendants' particular violations of the CLRA and requested that Defendants identify victims, notify victims and remedy their illegal conduct within 30 days.

105. Plaintiff has requested that Defendants timely respond to the CLRA demand notice and presently seeks only injunctive relief pursuant to the CLRA. If Defendants fail to fully, completely and timely comply with Plaintiff's demand letter, Plaintiff will amend this Complaint to seek actual and punitive damages, as appropriate, under the CLRA. Under California Civil Code §1782(d), after the commencement of an action for injunctive relief, and after compliance with the provisions of Section 1782(a), Plaintiff may amend his Complaint without leave of court to include a request for damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, prays for relief and judgment against Defendants as follows:

1. For an order certifying this matter as a class action and designating Plaintiff as the Class Representative and Plaintiff's Counsel as Class Counsel;

2. For an order awarding restitution and disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the Class members as a result of their unlawful, unfair, and fraudulent business practices described herein;

3. For appropriate injunctive relief as permitted by law or equity;

CLASS ACTION COMPLAINT

1    4.    For an order directing Defendants to engage in a corrective advertising

2    campaign;

3    5.    For an award of attorneys' fees as authorized by statute including, but

4    not limited to, the provisions of California Civil Code § 1780(e), California Code of

5    Civil Procedure § 1021.5, as authorized under the "common fund" doctrine, and as

6    authorized by the "substantial benefit" doctrine;

7    6.    For costs of the suit incurred herein;

8    7.    For prejudgment interest at the legal rate; and

9    8.    For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

        Plaintiff hereby demands a trial by jury for Plaintiff and the Class as to all
issues so triable.


Dated: September 13, 2017          **LAW OFFICES OF ZEV B. ZYSMAN**
                                   **A PROFESSIONAL CORPORATION**



                                   /s/ Zev B. Zysman
                                   ZEV B. ZYSMAN

                                   15760 Ventura Boulevard, 16th Floor
                                   Encino, CA 91436
                                   Telephone: (818) 783-8836
                                   Facsimile:  (818) 783-9985
                                   zev@zysmanlawca.com

                                   *Attorneys for Plaintiff Timur Safransky and*
                                   *The Proposed Class*

CLASS ACTION COMPLAINT